Good morning. I'm Tanya Morrow. I come from the court and I'm representing Thomas Erickson today. This case is about Martinez v. Ryan Relief and it's really hard to imagine a case that's any better suited for such relief. Mr. Erickson is entitled to Barrett's review of his ineffective assistance of counsel claims because his post-conviction attorney completely abandoned him. That post-conviction attorney did nothing but respond to the complaints that Mr. Erickson filed in the post-conviction proceedings against him. That's all he did. And ultimately, his ultimate response in that post-conviction case was to fail to protect Mr. Erickson's right to a Barrett's review of his claims in that post-conviction case. He failed to amend the petition. So, post-conviction counsel, as we demonstrated, failed to amend the petition as originally ordered. He failed to attach documentary evidence when he submitted a notice stating that he would not amend the petition. And he failed to respond at all to the state's motion to dismiss based on the failure to attach any documentary evidence to that motion or to that notice. So the post-conviction court granted the motion without hearing and without any response from Mr. Erickson's post-conviction attorney. As we also pointed out, for just a second, was there a presumption that the court did, in fact, review the matter on the Barrett's and decide to amend the matter on the Barrett's? No. The district court attempts to make more out of the review of the post-conviction court than actually was applicable under Oregon law. This was not a case, as the district court seems to infer and as the state now argues, of a determination that there was a failure to state a claim. There is a separate section of the post-conviction statute related to that kind of a challenge to the petition that was not what was raised here. In the state's motion for summary judgment, the issue raised was the document attachment rule, which is a separate section, and that's 138.580. It's not the Barrett's review based on 138.525. It's not that. The court went too far in its ruling by suggesting that that's what happened. That's not what happened. And as a matter of state law and federal law, there was no Barrett's review here. Wouldn't we assume under Harrington that at least there's a presumption that the decision was on the Barrett's and then maybe what you're saying is it's rebutted by the fact that the argument made was a procedural one? Again, no. I don't believe the state law supports that argument. The state law is that the attachment rule is essentially a pleading rule. It doesn't require the evidence to meet any test of reliability or sufficiency. But under Harrington, if you refer to the Supreme Court case, the federal case about how we review state court decisions, don't we need to give at least a presumption when a court is silent, a state court is silent, that they reach the Barrett's? No. If we look at Johnson v. Williams, which was subsequent, the court set out pretty clearly what it means to actually have a ruling on the Barrett's. And it states that, you know, well, here's one of the quotes. If a federal case claim is rejected as a result of sheer inadvertence, it has not been evaluated based on the intrinsic rights and wrongs of the matter. The intrinsic rights and wrongs of the matter have to be resolved. And, you know, it's possible that in some cases where 138580 is asserted, that the post-conviction court could possibly go through that review. But it's not always the case, and it certainly didn't happen here. This was a decision based on sheer inadvertence by the post-conviction counsel to submit any documentation whatsoever. Now, the rule requires, that is the state rule requires, the evidence be submitted along with the petition. Am I right? And nothing whatsoever was submitted. That's true, but the state's position was that it needed to be submitted when post-conviction counsel decided not to submit an amended petition. So, at the post-conviction trial level, that's what the state asserted, is that that's when it should have been submitted. So, the fact that it wasn't submitted with the petition itself was not an issue in this case. Okay. I just want to look at the order. The order says, the court will be first to be advised in finding that there is an evidential issue of material fact, and that the defendant is entitled to judgment as a matter of law. That's what it says, right? I understand. You know, the state chose to use the motion for summary judgment in this case. I could have chosen a motion to dismiss the bottom line. In this case, it's the only issue raised, and under Oregon law, the only challenge raised in a summary judgment motion that's articulated is what's valid and what the trial court is charged with, and the only issue raised is whether or not the documents were attached. So, there's no finding, there's no specific statement in there that there is a finding that there was a failure to state a claim, or otherwise. The only issue raised in post-conviction is that there were no documents attached to that one, to the notice when counsel said he wasn't going to amend it. And Judge Brown ruled that it was on the merits, even though there was no submission. Because the Oval Court suggests that what you do, well, because the Oval Court suggests that when you look at those, the courts can look at those documents to determine whether there's something that supports every claim or not, that that's an issue that's a ruling on the merits. And, in fact, it's not. The legislative history of that section says that it's designed to provide clarity for what are otherwise, oftentimes, illiterate and unintelligible pleadings. That's all it is. It's just to provide additional sort of factual basis for the court on a preliminary review before the case goes to hearing on the merits. And that didn't happen here. We'll save our time. Thanks. Thank you. May it please the Court. Counsel Ryan, comment hearing for Superintendent Corsi. I wanted to set aside Martinez's issue, if I could, and focus on the state's first argument, because I think it's a more straightforward way to affirm the district court's ruling. It has to do with just the general feeding requirements for the district court case. Because petitioner's theories, arguments that the petitioner presented to the district court in the briefing were not within the scope, they were not pleaded in the district court federal habeas corpus petition. This isn't part of the certificate of appealability. Is it this issue about whether it was properly cleared in the district court? It's not. It's more akin to a right for the wrong reason argument, which this court is permitted to address. The certificate of appealability, as I understand it, is a limitation on what the petitioner can raise. But the court has the authority to address right for the wrong reason arguments, as long as the record supports that. Isn't this type of reason, though, one that the district court would usually evaluate in the first instance? Isn't it partly discretionary how the district court reads a pro se complaint charitably and when an amendment is allowed? I don't think it's discretionary, Your Honor. I think what after under Rule 2, the appeal requirements under federal habeas are pretty specific, and the Supreme Court has said that that creates a more demanding sort of standard. But even if you look at it, I don't think there's any real dispute about it. I don't think there's a factual dispute that the district court would be in a position to evaluate any better than this court itself. It really is just a look at the proceedings issue. And if you do look at the proceedings, the claim that the petitioner alleged, it was a claim of inadequate assistance of counsel, and the sole sort of supporting facts of that, the petitioner stated substantial limitations due to the case in 1990 with CST questioning the victim. It's not entirely clear what that claim is, but it is clear that it has to do with the factual support for it, has to do with a 1990, some 1990 report or interview that CST condemned it. The district court then, in the briefing to the district court, develops these other three theories. Those theories are not pleaded. They don't fall within the scope of the 1990 CST allegation that the petitioner alleged. But why shouldn't, as somebody who filed pro se originally, why shouldn't it be read charitably as a whole, and the pleadings be deconstituted as a whole? The court can have, I think, the case laws, the court can read it somewhat charitably, but this court in King said that it still, at a minimum, has to comply with Rule 2's patent pleading requirements, even if you do have a pro se litigant. Is there any reason we couldn't revamp the district court to consider whether to allow amendment? Well, the court would lack the discretion to allow the amendment, given that, so what happens is the petitioner then, after several rounds of briefing, then asks to amend the petition to include these new claims. At that point, it's passed the statute of limitations, and the only way that the district court would even have the discretion to do so is if it relates back, if the new claims relate back, and our position is that they do not, as a matter of law, relate back, because they don't. They aren't, they don't have the same core, the common core of facts as what the court has referred to. Even though the common core is whether this was timely, whether he asserted the statute of limitations, and whether the statute of limitations was met or not. Definitely all three, all four, I guess, of the theories do have to do with the statute of limitations, but they don't all depend on the same core of facts underlying that. Again, the pleaded claim has to do specifically with some interview or report in 1990 to CSD, and the new theories that petitioners presented don't have anything to do with that. A couple of them are more dependent on the reports that the petitioner made, or that the victim made, different reports that the victim made, and whether under the statute of limitations, they are, whether one of them has to do with retroactivity, one of them has to do with attempts. Another one has to do with a completely separate core of factual, factual core, which is some sort of report in Utah to a teacher. So they cannot, as a matter of law, relate back because they don't, they are not of the same time or time. The brief that elaborated was filed within the time that he could have amended? I actually don't think it was, Your Honor. I think it was also outside of the time frame. I think the brief, the petitioner's brief in support, I believe, was filed almost a year after the initial petition. So I think it was outside the time frame. Unless the Court has any other questions about the statute, the pleading issue and the relation back, I am happy to address the Martinez claim as well. Martinez, of course, only could apply to excuse the default of a claim that's new in district court for the first time and that wasn't decided on the merits in the state court. The petitioner argued to the district court that the claims that she was raising, or that he was raising in the district court, conformed to the claims that were raised in the state post-conviction. We don't necessarily agree with that. We don't think that they're necessarily the same claims, but the district court appeared to accept that. And so given that, really, the issue becomes, were they decided on the merits in the state court? And the district court correctly concluded, if those were before the state post-conviction court, that a decision under 138580, the attachment requirement, as explained in Ogle, is a decision on the merits because what the court is really doing. In Ogle, the court didn't use the term on the merits, but looking at what the court did, or what the Supreme Court did in Ogle, is to take the evidence and evaluate whether or not, match it up against the claims. But in Ogle, there was evidence. In here, there wasn't. That's true. That shouldn't. Still, the general analysis under 138580 is the same. The trial post-conviction court is required to evaluate whatever's passed and evaluate whether or not it satisfies. The only argument that was made in the state summary judgment motion was this procedural thing and nothing was attached, rather than a substantive issue about whether the claim might succeed on the merits. Well, that was the only issue raised. I don't agree that it was a procedural issue. I think it is a substance issue, and it really is no different than if the petitioner's claim had gone forward to an actual hearing in the post-conviction court, and the petitioner at that trial, I guess, had failed to present any evidence. And the post-conviction court concluded, as a matter of law, you haven't submitted any evidence to support your claim, and therefore your claim failed. There, again, you have a situation where there's no evidence presented, but it still is a decision on the merits. Let me interrupt on that. Was it a conclusion that every default is on the merits? No, Your Honor. Only because of the analysis that the court explained, that the OGL, that the Supreme Court explained that the post-conviction trial courts are supposed to go through when faced with a 138580 failure to attach motion. So this is only limited, really, to those, that circumstance. It's only limited to that circumstance. Your argument is that this is a decision on the merits, and that the district court was correct in holding that. And on one side, there is absolutely no evidence. And on the other side, there is whatever there is, and that's a decision on the merits. And isn't it more suggestive of the failure of counsel to do what he should have been doing, rather than to say, oh, well, he didn't bother to file anything, and therefore it's on the merits, because the decider would say the merits of this case are all in favor of one side because the other has that default. That is correct, Your Honor, and it's because Martinez does lay out a very narrow exception, and it is a decision on the merits. And it really is no different than if this had gone to a full trial and everybody had showed up, and the petitioners, even his lawyer, had failed to submit any evidence to support the claim, and the claim failed, that still is a decision on the merits, even though there's no evidence to actually look at it. I understand your position. Isn't the petition itself evidence? No. I think, no, it wouldn't be under 138580. 138580 requires there to be evidence attached, it's the word they use, that it necessarily has to be stapled to it, but it has to be submitted with the petition that is evidence, additional evidence to support the allegations in the petition. Unless the Court has any other questions, I don't have anything else. Thank you. Thank you. Just briefly on the State's argument that there was a peaking problem in this case, I want to just emphasize that there's a substantial claim in this case, and that is that Mr. Erickson is actually innocent of 14 of 16 of the offenses charged against him because amnesty attacks, because the statute of limitations had already run. And I'll say that the statute of limitations with regard to the federal petition ran within, in a conservative calculation of the statute of limitations, it ran within 30, 40 days of him filing the petition. So he had already spent a lot of his statute of limitations time just trying to get into federal court. He was operating pro se the whole time. And, yes, in fact, he should be given the benefit of liberal pleading rules, for the same reason that the Court recognized in Martinez that, you know, counsel is important to raise these claims in post-conviction proceedings. It's the same basis. They are unable to actually, you know, develop an evidentiary basis for a claim or understand the substantive details of the law. So real quickly, though. So the liberal construction of the post-conviction proceedings is a reason why there, you know, this case, the argument, you know, should be rejected. Second? Was there a one-year lag between the filing of the petition and the brief that articulated the three statute of limitations? I believe there was. There was some time period. But, again, the statute had already run. So what we did in the brief was acknowledge that it was not fully stated and then suggested that, in fact, the Court did not actually liberally construe it to include the episode of, in effect, a child counsel failure to assert the statute of limitations defense, which we believe was pled in there. And that's the episode. All of the arguments we made are just merely arguments about how the law should have been applied. And there's no violation there of any pleading rules, rule-to-rule rules, which, again, the State only raised essentially on appeal. So we argued that, you know, the episode was pled. All those other arguments about the dates of the different amendments of the statute and how they applied to his offenses were all merely just new arguments. We also argued alternatively that if, in fact, the Court did not agree that it liberally should be construed, then we would amend. And the claims would relate back. The arguments would relate back. And we could be more specific about them. And then, alternatively, that he was entitled to amended pleading based on his innocence and the fact that he would meet the, you know, the equitable tolling based on the fact that Amnesty had attached all those complaints or those charges against him. And he's actually innocent of those charges. Yes. Just one quick question before you leave. So do you concede that these claims are not presented to the valid court, the Oregon Appellate Court and the Oregon Supreme Court? We argued that the fact that the Balfour brief included his petitioning was a basis for those being presented to the Supreme Court. The district court rejected that argument based on some old law in this district. And so it's, and we didn't raise it in this district because district availability didn't necessarily apply to that. But we stand by that argument and the fact that those district court cases are incorrectly, the holdings in them are incorrect. That, in fact, if, in fact, you include that petition, that that's sufficient for purposes of Supreme Court review on a Balfour brief. Thank you. Thank you both sides with helpful arguments. The case is submitted.
judges: Leavy, Friedland, Benitez